Opinion of the Court, by
Judge Mints.
ON the 10th of March 1789, William Coomes and. wife conveyed two hundred acres qf land, now the subject 0f controversy, to Edvrard M’Farland, who, a short time before, had married their daughter, now Anne Huff, the complainant below.
- This deed expressed the consideration of one hun* dred pou.nds, and contained the usual clause in the-habendum, “ to the use of said M?Farland and his heirs f°rever;” and a clause of general warranty-. At the foot of the deed, after the signature of the grantors, was written a receipt for dS 100, the consideration expressed, and a memorandum to this effect, not signed by any person, but recorded with the receipt, on the record book, immediately succeeding the deed, ami preceding the clerk’s certificate, to^rit:
, “Memorandum — The said M’Farland shall not dis? pose of the within mentioned land and premises, without the consent and approbation of his wife, Anne, daughter to William Coomes, wife of the said M’Far-land; and-itis further concluded upon, that ifthe land aforesaid is not sold, it shall be to the heirs of their body, lawfull7 begotten.”
The clerk’s certificate of the acknowledgment in-court, is in the usual form, stating that the grantors ac^ knowledged the deed.
Second deed iro.m Coomes toM’iavlaad
M’Farland conveyed the land to Beall, he conveyed to his daughter, she (lied, it descended to the delen-dants.
M’Farland a-bnndonedthe country, his wife married Huff, he af-terwards died The bill by Mrs. Huff, relying only oa the memo-rándum.
; answerr111*'5
^ ft]j eircuitcourt,
(t)Wherethe bi!I to estnb-conveyance 6 was in trust for (he com-' plainaut, relies exclusively on a memorandum appen-dant to the deed, parol evidence that the deed was drawn by mistake, or that it was intended as a trust, is inadmissible.
*159 Some short time afterwards, it was discovered, by a survey, that the boundaries did not contain quite two hundred acres, and they were accordingly extended to take in the quantity, and on the 16th of November in the same year, a new deed was executed and acknowledged, according to the extended boundaries, by the same grantors, expressing the mistake in the first, and its discovery, and the intention that two hundred acres should be included. It then proceeds to recite the same consideration of £100, and contains the usual clauses of covenant and warranty, without any such memorandum annexed, as belonged to the first deed.
Shortly after this, M’Farland abandoned his wife, and sold and conveyed the land, by an agent, to Walter Beall, who conveyed it as a gift or advancement to one of his daughters, whose children now hold the land by inheritance from their mother.
After McFarland had been absent without any account of him for eight years or more, and was supposed to be, and rumor said he was, dead, the complainant, Anne, intermarried with Aaron Huff, who has since died.
On the 15lh of December 1817, the said Anne filed this bill against the present holders of the land, averring that the deed was to secure the land to her, or that her husband was to hold it in trust for her; and to prove this, relies on the memorandum w.ritten upon the deed.
The defendants resist the claim, on the ground that the memorandum does not prove the trust, and that if it does, it is no part of the deed; and rely upon the second deed, without such memorandum, as extinguish-' ing the claim; and also plead that the complainant and her second husband sold out her interest, and accepted compensation therefor; and insist that the lapse of time is a sufficient bar.
The court below refused to decree the whole land to the complainant, and assigned her dower; and to reverse that decree, she has prosecuted this writ of error.
The father of the complainant, whose testimony is uncontradicted, deposes, that the design of the deed was to secure the land to the complainant, and that ii it does not do so, in its present form, it was through his *160 ignorance of what was necessary, and was so written by mistake.
(2) A stipulation by the grantor of landi that the grantee shall not alien without the. consent of his wife, (grant- or’s daughter,) and that if not sold, it shall descend to the heirs of (heir bodies, does not make it a imsl for her use.
It is either a condition annexed to the estate, for a breach of which the grantor alone can take advantage; or it is a covenant, for the breach of which, by the sale without the wife’s consent, the grant (“0 is responsible to the grantor.
C. A. Wkklijfc and Hoggin, for plaintiff; Barn/, for defendants. 4
(1) if the bill had been so framed as to correct a mistake or error in making the deed in its present shape, by appropriate charges and allegations, it might have presented a very different question, from that which we haye now to decide. But no mistake in drafting or executing the deed is suggested, and the bill relics on the memorandum as proving the trust. So far, then, as the testimony of the grantor goes to impeach the deed, and prove a mistake-therein, it must be disregarded. Nor do we view the bill as an attempt to establish a trust by parol only, in the complaiuant; so that we are relieved from the question, how far such evidence would be admissible.
(2) Considering, then* the hill as relying upon the memorandum to establish the trust, and as designed to enforce it, we shall confine ourselves to its terms. Wo do not view its language a§ adequate to prove the trust, and all that can be inferred from it like a trust for the wife, is, that she might receive, by refusing to consent toa sale, the joint enjoyment thereof with he? husband, and that the husband was bound to transmit the inheritance to their joint children, of whom none are living, and not a word is said with regard to the inheritance ever passing to the wife.
We do not deem it necessary to decide whether or not (his memorandum is to be considered a part of the deed; for if it is not, then it has no force against the deed.
If it is a part thereof, it is either a condition annexed to' the estate, for a violation of which, the grantor alone can take advantage, or it- is a stipulation merely to retain the estate, for a breach of which, hv the sale to Beall, the representatives ofM’FarUnd are responsible to the grantor, and the complainant cannot, therefore, have any interest therein, in any event.
The court below, therefore, did right in refusing to decree the land to her; and ns to the residue of the decree,, as it is in her favor, she. has no right to complain.
The decree must be affirmed with costs.
October21;
October 23
To obtain a modification of the decision, a motion was made on the following
PETITION BY C. A. WICKLIFFE, ESQ.
The undersigned respectfully solicits the attention of the court to the error assigned by the plaintiff, that the court below refused to give costs, when by law the complainant in that court was entitled to costs. This point is not noticed by the court in the opinion pronounced; consequently, th.e undersigned is induced to believe that the question was not, by the court, considered. He, therefore, asks the court to re-consider that part of the cause, and so to modify their decree, as to give to the plaintiff in error and complainant below, her coats.
C. A. WICKLIFFE.
But the court, on consideration, overruled the motion, and the opinion stands unaltered.